HOLLIS RINEHART, JR., Plaintiff in Error, v. STATE *ex rel.* JOE W. WHITLEY, Defendant in Error.

200 So. 218
Division B
Opinion Filed January 10, 1941
Rehearing Denied February 25, 1941

*Charles A. Carroll,* for Plaintiff in Error;

*Joseph F. McPherson,* for Defendant in Error.

CHAPMAN, J.—On June 13, 1939, the City of Coral Gables, Florida, held an election for the purpose of electing three commissioners. The two candidates receiving the highest number of votes cast at said election, under the charter and law applicable to said city, were ·commissioned for a period of four years each, and the candidate receiving the third highest number of votes at said election was, under the law, to be commissioned by the City of Coral Gables for a period of two years. Thirteen qualified and became candidates for these three offices, and voting machines were used to register the preference of the voter who appeared personally and voted, while the absentee votes from within and without the State of Florida were cast, canvassed and counted along with the machine votes and the successful candidates were declared by counting· the machine and absentee votes.

Material and pertinent results of the municipal election are, viz.:

| "Candidate | Machine Votes | Absentee Ballots | Totals |
|---|---|---|---|
| W. Keith Phillips | 764 | 118 | 882 |
| Hollis Rinehart, Jr. | 733 | 106 | 839 |
| Joe E. Whitley | 765 | 73 | 838 |
| Wallace A. Bell | 759 | 65 | 824; . . ." |

The City Commission of Coral Gables, sitting as a canvassing board, by an appropriate resolution based on the aforesaid returns, declared that W. Keith Phillips and Hollis Rinehart, Jr., were each duly elected to the office of City Commission of Coral Gables, Florida, and to serve or hold office for a period of four years each, while Joe W. Whitley was declared elected and was to serve for a period of two years.

On a quo warranto proceeding filed in this Court by Joe W. Whitley, to oust Hollis Rinehart, Jr., from the four-year term, it was contended that the votes cast, canvassed and counted in said election on the part of absentee voters from without the State of Florida, under the provisions of Chapter 16986, Acts of 1935, Laws of Florida, were illegal and void and should never have been counted and credited to or made a part of the votes received by the respondent Rinehart in the said election. This Court sustained the contention that Chapter 16986, Acts of 1935, was not only unconstitutional and void but that the absentee votes sent in to the Clerk of the City of Coral Gables should not have been counted. See State *ex rel.* Whitley v. Rinehart, Jr., 140 Fla. 645, 192 So. 819, and the following language at text page 654:

"The settled policy of absentee voting laws is to limit their application to electors who are absent from their voting precinct on election day by reason of military or civic necessity. This is also the effect of Chapter 19333, Acts of 1939, providing for absentee registration. This must be the rule; otherwise purity of the ballot is cast to the discard. The litigation that has arisen in this State from violation of absentee ballot laws, including the case of Newman v. State, now pending in this Court, admonish the wisdom of this policy.

"Absentee voting was not in the minds of the makers of the Constitution when that instrument was cast. The rigidity of its enforcement is an open question in this State but wisdom and experience teach us that it has been a fruitful means of corrupting the ballot if not carefully safeguarded. It should therefore be limited and authorized only in case of *ex necessitate rei.*"

The case at bar was dismissed in this Court with direc-

tions that the same be instituted in the Circuit Court of Dade County, Florida, for the purpose of determining certain issues raised by the pleadings. Pertinent instructions to the circuit judge were, viz. (text page 655):

". . . If the circuit judge finds from the evidence that the allegations of the petition as to absentee votes cast under Chapter 16986 and as to absentee votes cast by electors who were actually in the city on election day and as to those who were not registered and qualified to vote in the city are subsequently proven or proven to that extent that grave doubt is placed on the result of the election, he is hereby ordered to hold the election illegal as to the absentee votes and order the appropriate City officials to declare the result on the basis of the machine vote as to relator."

The lower court heard and determined the issues raised by the pleading, upon stipulation of counsel as to the facts, a jury trial being waived, and the court found as an issue of fact that the absentee votes cast, canvassed and counted were illegal and that the results of the election should be declared on the basis of the machine vote and an appropriate final judgment of ouster was entered against Hollis Rinehart, Jr., on the ground that he was not elected to the office of City Commissioner of the City of Coral Gables for a period of four years, but that relator Joe W. Whitley and Wallace A. Bell were elected commissioners of said city and the tenure of their offices would be four and two years, respectively, from and after June 16, 1939. From this final judgment an appeal has been perfected to this Court.

It is contended here that the judgment of ouster entered in the lower court was erroneous for reasons, viz.: (a) in holding as a matter of fact that *all* absentee votes were invalid and should not be counted, both those mailed in from without the State and those cast within the State but absent

from Coral Gables on election day; (b) the lower court misconstrued or failed to correctly interpret the decision of this Court in State *ex rel.* Whitley v. Rinehart, *supra;* and (c) the lower court failed or omitted to follow the law of the case enunciated by this Court in State *ex rel.* Whitley v. Rinehart, *supra.* The soundness of the contention for a reversal of the final judgment on the part of counsel for plaintiff in error has perplexed and given deep anxiety to the writer of this opinion.

The transcript has been carefully considered and the stipulated facts have been read some three or four times; the briefs studied and oral argument of counsel for plaintiff in error at the bar of this Court recalled.

The lower court concluded that the votes cast by voters without the State under the provisions of Chapter 16986, Acts of 1935, were illegal and void and should not be counted; that when these illegal votes were commingled with other absentee ballots, uncertainty and doubt existed as to the absentee votes cast by those both within and without the State of Florida as to those ballots cast by those within the State but absent from the polls on election day. The record discloses that among them were students attending the University of Miami, and two ladies residing in Coral Gables who determined to go fishing on election day rather than go to the polls and vote. The absentee votes were segregated from the machine votes. The record recites that a number of college students were called and testified. It is possible that some of the absentee votes cast by electors within the State on election day, but not going to the polls, were legal and should be counted for some of the candidates, but because of confusion and uncertainty created by the commingling of all the absentee votes, the only safe course to pursue was to declare the results of the election on the

machine votes as was done by the trial court. We fail to find error in this assignment.

It is next contended that the lower court failed to follow and apply the rule enunciated by this Court in the case of State *ex rel.* Whitley v. Rinehart, Jr., *supra.* We are unable to agree to this conclusion. The lower court correctly applied the rule previously enunciated and the record is free from error, and accordingly the judgment appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD and BROWN, J. J., concur.