HERBERT A. FRINK, et al., v. THE STATE OF FLORIDA ON THE RELATION OF HAROLD TURK.

35 So. (2nd) 10 
April 23, 1948

January Term, 1948 
En Banc

Ben Shepard for all appellants except Ralph Pole and E. F. P. Brigham, for Ralph Pole, appellants.

Evans, Mershon, Sawyer, Johnson & Simmons, Herbert S. Sawyer, Walter C. Kovner, Joel P. Newman and Joseph A. Wanick, for appellee.

ADAMS, J.:

This appeal is from a final judgment in mandamus wherein 698 absentee ballots, cast in a municipal election, were held void because the prerequisite affidavit was not made according to the statute and also that the statute, Section 101.07, F.S.A., was unconstitutional.

Section 101.07, F.S., 1941, F.S.A., provides:

"Any qualified elector, who expects to be absent from his home county on the day of any election hereafter held, may apply in person to the county judge of his home county, or to the clerk of the municipality in case of municipal elections, for an official ballot to be used at his voting precinct or ward at such election, and all county judges in this state, and the several clerks of the municipalities in the state, in case of municipal elections, shall furnish one such official ballot to each elector so applying therefor at any time not more than fifteen days nor less than three days next prior to the day of such election, upon satisfactory proof to such county judge or municipal clerk, as the case may be, that the applicant therefor is qualified to vote at such election and upon such elector taking and subscribing to the following oath or affidavit which is to be printed upon the front of large envelopes to be furnished the several county judges and municipal clerks for that purpose, to-wit:

" 'State of Florida, County of _____

I, the undersigned, do hereby solemnly swear that I have resided in the State of Florida for one year and in the County, City or Town of _____ for six months, that I am a duly qualified voter in precinct or ward No._____ of said county or municipality; that I am a citizen of the United States and a qualified elector under the laws of the State of Florida; that I expect to be absent from my home county of _____ on the occasion of the _____ election to be held in _____ on the day of_____ A. D. 19._____; that I will not have an opportunity to vote there-at personally and will not attempt to do so.' "

The ballots in question here were cast in a municipal election in Miami Beach, Dade County, Florida. The affidavit executed by the electors was as follows:

" 'STATE OF FLORIDA)
COUNTY OF DADE)

I, THE UNDERSIGNED, do hereby solemnly swear that I have resided in the State of Florida for one year and in the City of Miami Beach for six months, that I am a duly qualified voter in Precinct No. _____ of said municipality; that I am a citizen of the United States and a qualified elector under the laws of the State of Florida; that I expect to be absent from my home City of Miami Beach on the occasion of the _____ election to be held on the _____ day of _____, A. D. _____, that I will· not have an oppor-tunity to vote thereat personally and will not attempt to do so.

_____
Elector

Sworn to and subscribed before me this the _____ day of _____ A.D. _____.

_____
City Clerk' "

It is readily apparent that the affidavit was defective in that the elector swore he expected to be·absent from the City whereas the statute required that he state his expectation to be absent from the county. There is a difference. The legis-lature did not suggest a form of affidavit, but specifically

stated, in detail, the substance and unmistakably prescribed the manner of its execution to apply to both state and municipal elections. Section 9, Article VI, of our Constitution provides that "The Legislature shall enact such laws as will preserve the purity of the ballot given under this Constitution." The drafters of our Constitution took notice of the need of laws to safeguard elections and the right of suffrage. Heretofore we have had occasion to refer to its several provisions. See State ex rel. Whitley v. Rinehart, Jr., 140 Fla. 645, 192 So. (2nd) 819.

This court and the legislature know that in many counties we have several municipalities. The statute here must have a strict interpretation because: First, the statute was not enacted to grant the right to vote but rather to serve as a means to vote in a manner not recognized at common law; Second, the privilege was granted by the legislative body with full consciousness of its constitutional responsibilities for the purity of elections and the sanctity of the ballot. The language of the statute is clear and the failure to comply with it renders the ballots of no effect. It is not a case of disfranchising a voter; he failed to comply with the law and for that reason his ballot was properly rejected.

We now address the question regarding the constitutionality of the statute. From what we have said it is apparent that the judgment must be affirmed and there is no reason to pass upon the validity of the statute. Inasmuch as the lower court also held the statute unconstitutional we are of the opinion that it would obviate a misunderstanding on a question involving great public concern for us to state that we are affirming the judgment for failure to comply with the statute and we are not passing upon the constitutionality of the statute. It is a well known rule that we will not hold a statute bad unless it becomes necessary to do so in order to dispose of the case. Therefore, we disapprove of so much of the judgment appealed from as it relates to the validity of the statute.

Affirmed.

THOMAS, C. J., TERRELL, CHAPMAN, SEBRING and BARNS, JJ., concur.