60 So.2d 761 (1952)
STATE
v.
VOLUSIA COUNTY SCHOOL BLDG. AUTHORITY.
Supreme Court of Florida, Division A.
October 14, 1952.
Murray Sams, DeLand, for appellant.
Neill S. Jackson DeLand, and Mitchell & Pershing, New York City, for appellee.
TERRELL, Justice.
The Legislature of 1951 enacted Chapter 27950, Laws of Florida, creating Volusia County School Building Authority, authorizing it to construct and enlarge school buildings in the county and to issue refunding bonds for that purpose. We are confronted with a final decree of the Circuit Court validating an issue of $1,600,000, School Revenue Bonds issued by the County School Building Authority to effect the purpose of the act.
We think there are at least two good and sufficient reasons why the decree of the chancellor must be reversed. Chapter 27950 authorizes Volusia County School Building Authority to construct or enlarge school buildings where needed, and when they are completed, to enter into contract with the County Board of Public Instruction to rent them at a period and for a consideration to be agreed on by them, the amount of the consideration to be paid from funds in the hands of the Board of Public Instruction lawfully usable for that purpose. It is contemplated that appropriations and tax funds are to be used for this purpose.
We think the Act, the bonds and the proposed lease or rental contract are clearly in violation of Section 6, Article IX of the Constitution, F.S.A. It is a matter of common knowledge that the Board of Public Instruction is possessed of no funds except those raised by taxation or that arise from appropriations by the legislature for specified purposes designated by law. The Act, the bonds drawn in question, and the lease or rental contract, propose to raise and appropriate these funds for a purpose or in a way condemned by Section 6, Article IX, of the Constitution, absent an approving vote of the freeholders and being so they are void and unenforceable.
We are also of the view that Chapter 27950 is violative of Article XII of the Constitution, particularly Section 17, thereof, which authorizes Special Tax School Districts to issue bonds under conditions therein stated for the exclusive use of public free schools. Section 236.36, F.S.A., effectuating Section 17, Article XII, provides *762 for the issuance of bonds by Special Tax School Districts for the purpose of "acquiring, building, enlarging, furnishing, or otherwise improving buildings or school grounds, or for any other exclusive use of the public schools" within such school district.
Section 17, Article XII, like Section 6, Article IX, requires that the issue of said bonds be approved by a vote of the freeholders. The rule is general that when the constitution provides the ways and means for accomplishing a purpose, the means provided is exclusive of every other means even those attempted by the legislature. Chapter 27950, the proposed bonds and the lease contract propose to by-pass Section 17 of Article XII and issue said bonds without meeting the requirement of the latter, for which the act and the bonds are void and without effect.
For the reasons so stated the judgment appealed from should be and is hereby reversed.
SEBRING, C.J., and THOMAS, HOBSON, ROBERTS and MATHEWS, JJ., concur.