67 So.2d 431 (1953)
GRIFFIN
v.
KNOTH et al.
Supreme Court of Florida, Special Division A.
October 6, 1953.
Miller, Miller & Hewitt, West Palm Beach, for appellant.
J. Luther Drew, West Palm Beach, for appellees Rex Knoth, Edwin F. Tedder, M.A. Kelly, S. Ora Oldham, C.A. Carlson, Lee Regan, Harold H. Hanlon and Sam Simone and Burns.
Middleton & Rogers, West Palm Beach, for appellees John H. Flaherty, Webb Moore, Stanley Gillham and H.N. Wells.
MATHEWS, Justice.
This case results from an appeal of a final decree in an election contest whereby *432 the result of a general municipal election was determined and the holding of a special municipal election was enjoined.
The bill of complaint was filed on April 30, 1953. The general election in question was held on April 21, 1953.
After the suit was filed there were numerous pretrial conferences unnecessary to detail here. In the pretrial conferences it developed as shown by the findings of fact of the Chancellor, that the contest of the election involved the absentee paper ballots. There were two precincts and two voting places. The applications for some absentee ballots contained the representation that the voter would simply be away from the municipality on election day while the law required that the elector must intend to be absent from the county. 27 absentee ballots from one precinct were cast as a result of the representation that the voter would be absent from the municipality and all of the ballots cast at the other precinct were in that category. Before they were counted, the ballots were mixed and mingled so that it was impossible to tell which absentee ballots were cast upon the representation that the voter would be absent from the municipality instead of that he would be absent from the county. The number of illegal absentee ballots was sufficient to change the result of the election. Frink v. State ex rel. Turk, 160 Fla. 394, 35 So.2d 10.
In the Memorandum and findings upon pretrial conferences the Chancellor correctly stated:
"* * * It follows that, upon principles recognized in the case mentioned, none of the absentee ballots cast in the election now in question can be accepted and counted. The election must be determined upon the machine vote. See Rinehart v. State ex rel. Whitley, 145 Fla. 612, 200 So. 218.
"It is the view of the Court that the proposed amended answer of the Respondent Griffin, tendered June 17, 1953, seeking to put into dispute the machine vote, cannot be filed.
"The election in question was held April 21, 1953. This suit was filed April 30, 1953. The bill of complaint and all other pleadings prior to the proposed amended answer of the Respondent Griffin, bring into dispute the absentee ballots alone. At no time prior to the tender of the proposed amended answer had it been suggested that there was irregularity in the machine vote. It is charged in the bill of complaint and admitted in the answers of the Town Council and the respondent Griffin that: `No protest was filed as to the returns on the machines and the validity of such votes at no time questioned.'
"Statute 99.192 [F.S.A.] provides for the contest of an election by any unsuccessful candidate or taxpayer in accordance with Chancery procedure. It is there required, however, that: `Such contestant shall file a sworn bill of complaint within 10 days after the canvass by the Canvassing Board of the election returns for such office, * * *.'
"The pleading protesting the machine vote was not presented to the Court until nearly two months after the election, and the Court holds the view that, under the circumstances, the protest comes too late.
* * * * * *
"There remains no genuine dispute as to any material fact, and petitioners are entitled to a final decree as a matter of law."
Based upon the pretrial memorandum and findings of fact, the Chancellor entered a final decree in accordance with such findings, holding that the election should be determined upon the result of the machine votes, that the amendments to the answers attempting to set up the illegality of 5 votes cast on the machines were too late, and that the special election should be enjoined.
*433 We have carefully considered the other assignments of error and find them to be without merit.
The final decree appealed from should be, and is hereby, affirmed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.