81 So.2d 777 (1955)
Virginia WOOD, Eleanor Scribner, Chief Clerk, Ruth Collins, Barbara Pichel, Concette Pellicciatti, Theryl Millington, Marie Vento, Dorothy O'Dell, Marjorie Brown, Edna Miller, May Lou Godwin, Mabel Davis, Hazel Platt, Marie Winkelspecht, Mary Brennan, Betty Reif, Tillie Briden, as constituting the inspectors of Election and Canvassing Board of the City of North Miami Beach, and George B. Slick, Appellants,
v.
Daniel D. DIEFENBACH, Appellee.
Supreme Court of Florida. Special Division A.
July 27, 1955.
Norman R. Lyons, Miami, for Virginia Wood, et al., as Election Board of the City of North Miami Beach, Horne & Rhodes, Tallahassee, Prebish & Duval and Jepeway & Dauber, Miami, for George B. Slick, appellants.
Anderson & Nadeau, Miami, for appellee.
DREW, Chief Justice.
In an election contest over the office of Mayor of the City of North Miami Beach, the lower court held on final hearing that "the testimony taken by and before the Court, upon consideration whereof, the Court finds that at the general election held in the City of North Miami Beach on April 19, 1955, the plaintiff Daniel D. Diefenbach received 1161 votes and the defendant George B. Slick received 1193 votes, and that out of said number of votes 19 absentee ballots were cast for the plaintiff and 81 absentee ballots were cast for the defendant Slick; that a sufficient number of absentee ballots, as appears from the record of the application for such ballots and the ballots which were introduced as evidence in this cause, to alter the result of said election were illegal and null and void in that the applications for such absentee ballots either were not made at all or were not executed in the manner required by law", and entered an appropriate decree determining that Daniel D. Diefenbach, the incumbent, was lawfully elected as Mayor of said City at the general election on April 19, 1955. It is conceded here that in many instances either applications for the ballots were not made or, if made, such applications were either undated, lacked witnesses or notarial seal, failed to specify a reason for the issuance of the ballot or were not returned within the time provided by law. See Section 101.62 F.S. 1951, F.S.A.
The facts in this case are strikingly similar to those which were developed in Griffin v. Knoth, Fla. 1952, 67 So.2d 431. In that case we held that compliance with the statutory requirements for absentee voting were mandatory and that the failure to so require was fatal to the ballot cast. We held to like effect in Jolley v. Whatley, Fla. 1952, 60 So.2d 762. On the authority of *778 these cases the final decree appealed from is
Affirmed.
TERRELL, THOMAS and ROBERTS, JJ., concur.