CARROLL, Judge.
These consolidated appeals are directed to two orders of the circuit court of Dade County relating to absentee ballots received by the county supervisor of elections incident to the October 3, 1972 election. The appellant is an intervenor in the action in the circuit court brought by an absentee voter against the supervisor of elections and the canvassing board. The plaintiff’s absentee ballot was received after 7:00 P. M. on the day of the election. She sued on behalf of herself and others similarly situated.
In one of the orders appealed from, dated September 29, 1972, the supervisor of elections and the canvassing board were ordered to “accept and count any and all absentee ballots received by the supervisor of elections up to and including October 7, 1972, which are postmarked prior to October 3, 1972, at 7:00 o’clock P.M.”
By thus directing the counting of absentee ballots received by the supervisor of elections after 7:00 P.M. on the day of the election, the order of the trial court was in contradiction and disregard of an express statutory provision to the contrary.
Section 101.67(2) Fla.Stat., F.S.A. provides: “All marked absent electors’ ballots to be counted must be received by the supervisor by 7:00 p. m. the day of the election. All ballots received thereafter shall be marked with the time and date of receipt and filed in his office.”
In subsection (1) of § 101.67 the supervisor is directed to keep any envelopes received containing marked ballots of absent electors, and to deliver them, with a list kept by him regarding said ballots to the canvassing board, before the canvassing of the election returns. Section 101.68(1) requires the canvassing board to begin can *113 vassing absentee ballots not later than noon on the day following the election, and directs the board to determine the legality thereof in light of the required procedures therefor, and that any which are determined by the canvassing board to be illegal shall, without being opened, be marked “rejected as illegal,” with provision for those rejected envelopes (unopened) to be preserved.
By subsection (2) of § 101.68 the board of canvassers is directed to open the outer (addressed) envelopes of the absentee ballots to be counted, and, before opening the inner blank envelopes containing the voted absentee ballots, to mix them up so as to preclude identification of an individual absentee ballot with its sender. It is further there provided that the ballots so opened and counted shall be recorded on the poll book of the proper precinct, and that they shall be added to the total of the poll for the county.
In the second of the two orders appealed from, dated October 5, 1972, the court made several directions. By one the canvassing board was ordered to open all absentee ballots received prior to 5:00 P.M. on Saturday, October 7, 1972 (being four days after the election), and to keep the envelopes and ballots together “so that it may be ascertained as to which ballot came from which envelope” (contrary to the provision of the statute above referred to which required the mixing of absentee ballots so as to prevent such disclosure).
Next, that order provided that absentee ballots received after 7:00 P.M. on the day of the election should be kept separate from those received prior to that time, and that the same should be examined to determine “whether or not the issues involved in this lawsuit are moot,” with further direction by which the board was required to count the absentee ballots received by the supervisor prior to 7:00 P.M. on election day, and to open and examine the second class, being those mailed prior to 7:00 P.M. on election day, but which were not received by the supervisor until after that time and prior to 5:00 P.M. on October 7, and to report to the court, at a time stated, whether the election of a candidate involved was affected by the vote of the latter class of absentee ballots.
We hold those two orders of the trial court were error. As pointed out above, the first order directed the counting of certain absentee ballots which the statute expressly provided should not be counted.[1] The later October 5 order is erroneous in that it directs action by the board contrary to the statutory requirement for anonymity of the absentee ballots, and would operate to hinder and delay the timely and orderly canvassing of the ballots by the canvassing board in the manner provided for under the statute, to the possible detriment of the rights of candidates in the subsequent November general election.
Because of the time limitations on the procedures involved and the importance to the election process as well as to the candidates affected, we advanced these appeals and heard argument thereon after notice. At the hearing counsel expressed agreement that this court should determine the appeals without further hearing.
For the reasons assigned, the two orders appealed from are reversed. The filing of petitions for rehearing in these appeals is dispensed with, and the judgment of this court here pronounced shall be effective upon the date of the filing hereof.
It is so ordered.

. In Wood v. Diefenbach, Fla.1955, 81 So.2d 777, the Supreme Court upheld rejection of absentee ballots on the ground of illegality because returned late, holding strict compliance with the statutory requirements for absentee voting was mandatory. See Also Jolley v. Whatley, Fla. 1952, 60 So.2d 762; Parra v. Harvey, Fla.1956, 89 So.2d 870, 872.