FRANK GARGANO, JR. *v.* HARRY E. DOWNEY ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE NO. 42311

Memorandum filed June 5, 1973

*Kevin B. Kenny,* of Hartford, for the plaintiff.

*Joseph A. Broder,* of Colchester, for the named defendant and the defendants David Hurwit and Jennie Lenkiewicz.

*Brown, Jacobson, Jewett & Laudone,* of Norwich, for the defendants David Hurwit and Jennie Lenkiewicz.

NARUK, J. The within matter was brought by the plaintiff, pursuant to the provisions of § 9-328 of the General Statutes, claiming aggrievement by a ruling of the moderator at an election for the position of warden of the borough of Colchester held on May 7, 1973. The alleged errors concern the moderator's allowing certain absentee ballots to be counted and cast.

At the time of the hearing before the court, the parties entered into a written stipulation alleging in essence that (1) there was no evidence of any intent on the part of any of the election officials to alter, change, defraud, deface or in any way affect the

counting of the absentee ballots; (2) the borough clerk failed to comply with the provisions of § 9-137 of the General Statutes by inserting the name of the borough on forty-two of the inner envelopes containing the absentee ballots; (3) the borough clerk failed to make out the affidavit required by § 9-148 as to the accuracy of the endorsements on the outer envelopes concerning the date and precise time of receipt of the absentee ballots; (4) the borough clerk did, however, insert the time and date of receipt of the absentee ballot on the outer envelope of each absentee ballot returned to her, as required by § 9-148; (5) 48 outer envelopes were received, of which 46 contained inner envelopes, and 4 of the inner envelopes were marked with the name of the borough; and (6) the 46 aforesaid ballots contained 30 votes for the defendant Harry E. Downey, 14 votes for the plaintiff, and 2 votes for Alexander Bochain.

The parties also orally stipulated that the plaintiff received 424 of the votes recorded on the voting machines at the election and the defendant Harry E. Downey received 422 of the votes recorded on the machines.

By allowing all of the absentee ballots to be cast in accordance with the figures recited, the moderator declared the defendant Harry E. Downey to be elected warden by a plurality of 14 votes. The plaintiff claims that all of the absentee ballots should have been declared invalid, and, therefore, asks the court to certify his election as warden by reason of his two-vote plurality in the votes cast on the voting machines.

Since the parties had not agreed as to whether any timely challenge was made to the aforementioned absentee ballots at the statutorily permitted recanvass, or whether such a challenge was even

necessary, the court, on its own motion, on May 29, 1973, ordered the hearing on this matter reopened for the purpose of taking evidence and hearing arguments concerning the question of timely challenge. At that further hearing, the evidence indicated that the plaintiff, the plaintiff's counsel, and a counter representing the Democratic party were present at the time of the recanvass; that the moderator refused to permit the Democratic party representative or the plaintiff's counsel to see any of the envelopes in which the absentee ballots had been sent; and that the plaintiff's counsel advised the moderator of his intention to take the matter to court under the provisions of § 9-328. Further, the testimony clearly showed that no challenge had been made to any of the absentee ballots at the time they were removed and separated from the envelopes in which they were contained. Thus, it would be impossible for this court or anyone else to establish which ballots, otherwise legal, were contained in envelopes which did not comply with the absentee-ballot laws. Normally, this would appear to be a sufficient reason to dismiss the plaintiff's claim as to such ballots. See cases cited in the annotation, 97 A.L.R.2d 257, 339–40. In the instant case, however, the plaintiff seeks to invalidate all of the absentee ballots, rather than just some of them, on the basis that the omissions complained of permeated the entire absentee-ballot procedure. In such a situation the refusal of the moderator, at the time of the recanvass, to permit an examination of all of the envelopes is of greater importance than it would have been if only certain specific envelopes were individually objected to as improper. Cf. *Griffin* v. *Knoth,* 67 So. 2d 431 (Fla.); *Rinehart* v. *State ex rel. Whitley,* 145 Fla. 612; *Kincer* v. *Holbrook,* 307 S.W.2d 922 (Ky.); *Pickard* v. *Jones,* 243 S.W.2d 46 (Ky.); *In re Donahay,* 21 N.J. Misc. 360. The refusal of the counter

representing the Democratic party, and of the plaintiff's counsel, to acquiesce in the moderator's refusal constituted as much of a timely challenge as was possible under the circumstances. Consequently, the court will consider the plaintiff's action on its merits.

It is clear from a reading of §§ 9-137 and 9-148 of the General Statutes that the stipulated deficiencies in complying with these statutes were the result of the failure of the borough clerk to (1) insert the name of the borough on the printed form on the outside of the inner envelope; and (2) prepare the affidavit attesting to the accuracy of the endorsements—which she had properly made on the outer envelopes—as to the date and time of receipt of the absentee ballots.

The first of those omissions was an omission which was not violative of the statutory legislative policy to prevent voting frauds, nor did the omission make it difficult to ascertain the wish of the elector casting the ballot. Our Supreme Court has stated a number of times that "a voter should not be disfranchised because of the error or mistake of another," which mistake does not contravene the legislative policy against voting frauds. *Dombkowski* v. *Messier*, 164 Conn. 204, 206; *Scully* v. *Westport*, 145 Conn. 648, 651; *Moran* v. *Bens*, 144 Conn. 27, 32; *Flanagan* v. *Hynes*, 75 Conn. 584, 588. Since the purpose of inserting the name of the borough was only to establish that the voter was an elector of the borough, a fact subject to verification by such other means as the requirements of § 9-149 of the General Statutes, no irrevocable harm was done by the omission of that name, where no fraud was involved.

The failure to prepare the affidavit required by § 9-148 is a more serious matter, however. As

pointed out by the Supreme Court in *Dombkowski* v. *Messier,* supra, a substantial compliance with the provisions of that section is necessary to ensure that the mandatory time limitations specified in § 9-146 are met. The latter section specifies that "no absentee ballot shall be cast in any municipality unless it was sent to the clerk of the municipality by mail and received by him before the time specified in this section." In the instant case, the borough clerk or her assistant did insert the time and date of receipt of the absentee ballot on the outer envelope of each such ballot returned to her. The affidavit which she failed to make out and file with the moderator would have served only to verify the endorsements which she and her assistant had previously made. Thus, despite the absence of the affidavit, it was still possible, by an examination of each of the outer envelopes, to establish that the mandatory time provisions of § 9-146 had been properly complied with. Consequently, despite the absence of the affidavit, this court must find that there was substantial compliance with the provisions of § 9-148 and that the absentee ballots cast for the defendant Harry E. Downey were valid and, as valid, properly counted by the moderator.

Judgment, accordingly, may enter for the defendants, without costs to any party.