392 So.2d 37 (1980)
Evelyn R. FLACK, Appellant,
v.
J. Michael CARTER and Wakulla County Canvassing Board, Appellees.
No. PP-281.
District Court of Appeal of Florida, First District.
December 23, 1980.
Rehearing Denied January 22, 1981.
*38 M. Howard Williams, and Timothy D. Harley, Tallahassee, for appellant.
Benjamin H. Ervin, Monticello, and J. Michael Carter, pro se, for appellee.
Ronald L. Baker, Crawfordville, for Wakulla County Canvassing Board.
Wilson W. Wright, Tallahassee, for intervenors.
PER CURIAM.
In the November 7, 1978 election for the office of judge of the county court for Wakulla County, Florida, the incumbent, Evelyn R. Flack, received two more machine votes than did her challenger, J. Michael Carter. The Wakulla County Canvassing Board, however, after canvassing absentee ballots, certified Carter as the successful candidate by a margin of two absentee ballots. The Board's action prefaced the following chronology of events.
November 15, 1978-Flack filed a protest of election with the Wakulla County Canvassing Board.
November 17, 1978-Flack filed a complaint in contest of the election alleging irregularities in the absentee ballots.
December 7, 1978-A motion to quash service of process was filed.
December 13, 1978-The proper chairman of the Canvassing Board was served with process.
December 20, 1978-Flack filed a motion for temporary injunction seeking to prevent Carter from taking office.
February 8, 1979-The trial judge disposed of several pending motions and granted Flack leave to amend her complaint.
February 20, 1979-Flack filed amended complaint.
March 9, 1979-Motions to dismiss the amended complaint were filed.
July 19, 1979-The amended complaint was dismissed with prejudice.
July 30, 1979-Petition for rehearing and clarification was filed by Flack.
September 13, 1979-The trial judge entered an order clarifying his previous order, but denying the petition for rehearing.
September 24, 1979-Flack filed her notice of appeal.
Except as to the constitutional issue which was expressly not ruled upon, dismissal of the amended complaint was granted as to all points raised in the motion to dismiss. The motion urged as grounds for dismissal Flack's failure to file timely protest; failure to amend the complaint to include an assertion that challenges to the Voter Certificates were made prior to ballots being removed from the mailing envelopes; failure to exhaust available administrative remedies; lack of jurisdiction; and estoppel.
Section 102.166, Florida Statutes (1977), provides:
(1) Any candidate for nomination or election, or any elector qualified to vote in the election related to such candidacy, shall have the right to protest the returns of the election as being erroneous by filing with the appropriate canvassing board a sworn, written protest.

*39 (a) Such protest shall be filed with the canvassing board prior to the time the canvassing board adjourns or within 5 days of midnight of the date the election is held, whichever last occurs.
Appellant Flack urges that where it is not the clear mandate of the Legislature that time shall be calculated in a given manner and the wording of a statute leaves doubt as to the time in which an act shall be accomplished, resort to the Rules of Civil Procedure is a reasonable and proper option. Rule 1.090(a), Fla.R.Civ.P., provides that "[i]n computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included... . When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." For Flack's protest to have been timely under this rule it is necessary to treat Friday, November 10, 1978, as a legal holiday (Veterans' Day). We find no basis for such treatment. Section 683.01(n), Florida Statutes (1977), provides that Veterans' Day shall be observed as a legal holiday on November 11. The fact that the office of the Clerk of the Circuit Court in and for Wakulla County was closed on the 10th does not, without more, make the 10th a legal holiday. We conclude, therefore, that Flack's protest under § 102.166 was untimely.
Having decided that protest was untimely, we next turn our attention to the issue of whether compliance with § 102.166 is a condition precedent to an election contest under § 102.168, Florida Statutes (1977). We find no Florida cases so holding and in absence of authority to the contrary we are not inclined to read into the statute such a condition. Section 102.166, Florida Statutes (1977), appears to be geared exclusively to the protest of election returns. Election returns are defined as: "The report made to the board of canvassers of the number of votes cast for each candidate, ..." Black's Law Dictionary, (5th ed. 1979). Flack's complaint does not challenge the tabulation of votes, but questions whether certain paper ballots should have been counted because of the following alleged illegality:
a. Seven electors were in the county of their residence during the hours the polls were open for voting on election day despite certifications on their Voter's Certificate that they would not be in the county of their residence on said day during the hours the polls were open for voting.
b. One elector was able, without another's assistance, to attend the polls despite her certification to the contrary.
c. Ten electors were not entitled to vote because they had changed their permanent residency to a place other than Wakulla County, Florida.
d. Four electors' Voter's Certificates were not properly executed or witnessed.
e. Four electors received ballots in violation of the requirements of § 101.62, Florida Statutes.
f. Five electors received assistance from another person in violation of § 101.051, Florida Statutes.
It is apparent that the appellant's challenge to the absentee ballots is two-fold: (1) those that are illegal because they contained defects apparent on the Voter's Certificate, and (2) those that are illegal for reasons not apparent on the Voter's Certificate. Section 101.68(2), Florida Statutes (1977), which reads as follows, appears to govern the former:
If any elector or candidate present believes that any absentee ballot is illegal due to any defect apparent on the Voter's Certificate, he may, at any time before the ballot is removed from the envelope, file with the canvassing board a protest against the canvass of such ballot, specifying the precinct, the ballot, and the reason he believes such ballot to be illegal. No challenge based upon any defect in the Voter's Certificate shall be accepted after the ballot has been removed from the mailing envelope.
*40 Appellant Flack admittedly failed to protest the canvass of ballots prior to their removal from the envelopes and, by reason thereof, is precluded from subsequently challenging those ballots containing defective Voters' Certificates. However, we find nothing to bar her remaining challenges. It is the appellant's position that the majority of her challenges fall within this latter category and should have been considered by the judge of the Circuit Court pursuant to § 102.168, Florida Statutes (1977). We agree and reject the appellees' argument that the appellant failed to exhaust administrative remedies and should be estopped from contesting the election.
In assessing the substantiality of Flack's election contest, the judge should bear in mind that the primary consideration in such a contest is whether the will of the people has been effected. The Supreme Court of Florida in Boardman v. Esteva, 323 So.2d 259 (Fla. 1976), sets forth the following factors for measuring the effect of irregularities on the validity of absentee ballots cast:
a. the presence or absence of fraud, gross negligence, or intentional wrongdoing;
b. whether there has been substantial compliance with the essential requirements of the absentee voting law; and
c. whether the irregularities complained of adversely affect the sanctity of the ballot and the integrity of the election.
The appellant's challenges should be measured against these criteria.
We accordingly reverse and remand for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., BOOTH and SHAW, JJ., concur.