PER CURIAM.
This is an appeal from a summary final judgment entered against an unsuccessful political party candidate who contested the outcome of the election. We find the summary final judgment to have been improperly granted and reverse.
Puriegton Howanitz was the unsuccessful candidate and Curt Blair was the successful candidate for County Commissioner, District Two, Monroe County, in the first Democratic primary election conducted September 12, 1978. After the absentee ballots were tabulated, the margin of Blair’s victory was only one vote.
Howanitz, timely and properly filed a verified complaint pursuant to Section 102.-168, Florida Statutes (1977) to contest his failure to be nominated as a party candidate. The thrust of his complaint was to challenge casting, computation, and tabulation of certain absentee ballots. The trial court entered summary final judgment in favor of the appellees relying upon Section 101.68(2), Florida Statutes (1977) which provides:
If any elector or candidate present believes that any absentee ballot is illegal due to any defect apparent on the Voter’s Certificate, he may, at any time before the ballot is removed from the envelope, file with the canvassing board a protest against the canvass of such ballot, specifying the precinct, the ballot, and the reason he believes such ballot to be illegal. No challenge based upon any defect in the Voter’s Certificate shall be accepted after the ballot has been removed from the mailing envelope.
Factually, it appears that 612 envelopes purporting to contain absentee ballots, affecting this particular contest, had been received by the Supervisor of Elections pri- or to the canvass. Fourteen of those envelopes containing the Voter’s Certificate were rejected prior to being opened, leaving 598 envelopes believed to contain absentee ballots. After the envelopes containing the Voter’s Certificates, required by Section 101.64(1), Florida Statutes (1977), were removed and the votes tabulated, it was determined that only 597 ballots had been cast.
Two of the absentee elector ballots were submitted and counted, purportedly from electors who later testified that they did not vote. One of these electors could neither read nor write. The other elector testified that, although she had executed the Voter’s Certificate, thereby making it valid on its face, she had not completed the ballot.
Another absentee ballot was initially properly rejected by the canvassing board pursuant to Section 101.68(1), Florida Statutes (1977) because it appeared that the elector had voted in person. Through discovery, it was determined that this elector had, in fact, been absent from the county and had not voted in person but that another elector with a similar name was the one who had actually voted.
In its written order articulating reasons for granting summary judgment, the trial court found that the assault made upon these alleged irregularities was foreclosed by Section 101.68(2), supra. We, however, agree with the appellant that the construction placed upon the cited statute by the trial court was overly stringent. By its terms, the statute only prohibits a challenge to an absentee ballot once it is removed from its envelope, when the challenge is based upon a defect which was apparent on the face of the Voter’s Certificate. Flack v. Carter, 392 So.2d 37 (Fla.lst DCA 1970). The construction placed upon Section 101.-68(2), supra, by the trial court, renders it impossible to determine the presence or absence of fraud, gross negligence, intentional wrongdoing, or other irregularities, in the ballot itself, capable of affecting the outcome of the election. Such a construction also makes it impossible to determine whether there had been substantial compliance with the requirements of the absentee voting laws and whether the irregularities complained of adversely affected the sanctity of the ballot and the integrity of the election. Boardman v. Esteva, 323 So.2d 259 (Fla.1975), cert. denied, 425 U.S. 967, 96 S.Ct. 2162, 48 L.Ed.2d 791 (1976).
*481 As stated in Barber v. Moody, 229 So.2d 284, 287 (Fla.1st DCA 1969), cert. denied, 237 So.2d 753 (Fla.1970):
The election laws make it impossible for a contestant to know of his own personal knowledge any or all irregularities that took place in an election and how they occurred. Under statutes such as ours it is generally held that if upon investigation a contestant learns of mistakes, errors, or frauds effectuating a declaration of an improper result of an election, and if he believes such information, he may proceed by making allegations upon information and belief that such statements are true.
In this case, the irregularities complained of were not apparent on the face of the Voter’s Certificate and were not waived for failure to challenge before the ballot was removed from the mailing envelope.
The courts of this state have always been alert to remedy irregularities that impact upon the validity of an election. Rinehart v. State ex rel. Whitley, 145 Fla. 612, 200 So. 218 (Fla.1941); Spradley v. Bailey, 292 So.2d 27 (Fla.1st DCA), cert. denied, 296 So.2d 51 (Fla.1974).
Without indicating any disposition about the outcome of this election, we are of the unqualified opinion that the trial court prematurely entered summary judgment. Consequently, we, reverse the summary final judgment and remand the cause to the trial court for further proceedings.
Reversed and remanded.