## HOLLIS v. ALLSTATE INSURANCE COMPANY, et al.

### Case No. 84 5816 CA (L) J

Fifteenth Judicial Circuit, Palm Beach County

April 17, 1985

### APPEARANCES OF COUNSEL

**Earl Maxwell** for plaintiff.

**Robert D. McAliley, Brennan, McAliley, Hayskar, McAliley & Jefferson,** for defendant, Allstate Insurance Company.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

This matter came before the Court upon the motion by defendant Allstate Insurance Company to dismiss the plaintiff's claim for recovery of punitive damages under Section 624.155(4), Florida Statutes (1983).

The issue before the Court is whether Section 627.737(4), Florida Statutes (1983) prohibits the recovery of punitive damages. The plain-

tiff argues that punitive damages can be recovered under Section 624.155, Florida Statutes (1983).

Section 627.737(4) is as follows:

In any action brought against an automobile liability insurer for damages in excess of its policy limits, no claim for punitive damages shall be allowed.

Section 624.155(4) reads:

No punitive damages shall be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are: (a) willful, wanton, and malicious; (b) in reckless disregard for the rights of any insured; or (c) in reckless disregard for the rights of a beneficiary under a life insurance contract.

The plaintiff argues that Section 624.155, enacted after 627.737, repeals the former statute by implication. *Oldham v. Rooks*, 361 So.2d 140 (Fla. 1978). The court finds, however, that the rule of statutory construction in *Oldham* dictates that later statutes are passed with knowledge of prior existing laws, and a construction is favored which gives each one a field of operation, rather than have the former repealed by implication. The court finds that the statutes are not so inconsistent that they cannot be harmonized or reconciled. *Reyes v. Banks*, 392 So.2d 39 (Fla. 4th DCA 1974). The Court rejects the plaintiff's argument that Section 627.737(4) is impliedly repealed by Section 624.155. The Court holds that punitive damages cannot be recovered by a third party claimant against an automobile insurer where the third party claimant obtained a verdict in excess of the insurer's policy limits.

The Court hereby grants the defendant Allstate's motion to dismiss.