[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 9, 1990, the plaintiff Andrew Ocif was endorsed as the Republican candidate for High Sheriff of Litchfield County at a convention in Torrington, Connecticut, duly called for said purpose. The chairman of the convention, John A. Gawrych, completed the Certificate of Party Endorsement, in accordance with Connecticut General Statutes Sec. 9-388
and Sec. 9-2, and the Certificate was duly signed by the plaintiff in the presence of both the Chairman and Secretary of the convention. The Certificate was then mailed from the office of the Convention Chairman on July 10, 1990 but has CT Page 1301 not yet been received by the Secretary of the State.
Beginning on July 17, 1990, six days prior to the certification filing deadline, and continuing until minutes before said deadline, the Secretary of the State diligently and repeatedly advised personnel of the Republican State Central Committee that the Certificate had not yet been received. Moreover, the Secretary of the State's office warned that if the Certificate was not timely received, the party would be deemed to have made no endorsement.
On July 23, 1990 the Convention Chairman sent a telephone facsimile of a copy of the Certificate of Endorsement which was received by the defendant Secretary of the State at 3:49 p. m. Additionally, on July 24, 1990 the plaintiff caused an original substitute Certificate to be filed with the defendant. The substitute Certificate stated that the original had been lost in the mail. Also, on July 25, 1990 the Convention Chairman filed an affidavit with the Secretary of the State confirming that the plaintiff was the endorsed candidate for the office of High Sheriff and that the plaintiff signed the Certificate of Endorsement in the presence of the Convention Chairman and that the Chairman mailed said Certificate, postage prepaid, to the office of the defendant on July 10, 1990.
By letter dated July 25, 1990, the defendant informed the plaintiff that there was no party endorsed Republican candidate for the office of High Sheriff of Litchfield County. The plaintiff was also informed that under these circumstances he could not appear on the Republican line for the election to be held in November, 1990.
The plaintiff now seeks an order of mandamus directing the defendant to place the plaintiff's name on the Republican line for the office of High Sheriff of Litchfield County.
The defendant opposes an order of mandamus and bases this opposition on Connecticut General Statutes Sec. 9-388
which provides as follows:
 Sec. 9-388. Report to secretary of the state. Whenever a convention of a political party is held for the. endorsement of candidates for nomination to state or district office, each candidate endorsed at such convention shall file with the secretary of the state a certificate, signed by him, stating that he was endorsed by such convention, his name as he authorizes it to appear on the ballot, his full residence address and the title and district, if applicable, of the office for which he was endorsed. CT Page 1302 Such certificate shall be attested by either (1) the chairman of presiding officer or (2) the secretary of such convention and shall be received by the secretary of the state not later than four o'clock p. m. on the fourteenth day after the close of such convention. If a certificate of a party's endorsement for a particular state or district office is not received by the secretary of the state by such time, such party, for purposes of section 9-416 and section 9-416a shall be deemed to have made no endorsement of any candidate, for such office. If applicable, the chairman of a party's state convention shall, forth with upon the close of such convention, file with the secretary of the state the names and full residence addresses of persons selected by such convention as the nominees of such party for electors of president and vice-president of the United States in accordance with the provisions of section 9-175.
Conn. Gen. Stat. Sec. 9-388 (emphasis added).
The court finds that the statute ordinarily would demand strict compliance in that a failure to timely file a Certificate of Endorsement, absent other acts, would result in no party endorsed candidate. However, in critical language, the statute states that if a Certificate of Endorsement is not timely received the party "shall be deemed to have made no endorsement." Conn. Gen. Stat. Sec. 9-388 (emphasis added). In the construction of the General Statutes, words and phrases shall be construed according to the commonly approved usage of the language. Conn. Gen. Stat. Sec. 1-1. Where a statute does not define a term, it is appropriate to look to the common understanding as expressed in the law and in dictionaries. Johnson v. Manson, 196 Conn. 309, 316 (1985). Webster's New International Dictionary, 2nd Edition, defines "deem" as to "believe; suppose." Such a definition creates within the statute a rebuttable presumption that failure to receive a timely Certificate of Endorsement results in no endorsement.
In the instant case there is abundant evidence to successfully rebut the presumption that the plaintiff was not the party-endorsed candidate. For instance, the telephone facsimile of the Certificate of Endorsement was sent to the Secretary of the State and the Convention Chairman filed an affidavit with the defendant stating that the plaintiff was the party endorsed candidate for the office of High Sheriff of Litchfield County.
Statutes are to be read as contemplating sensible, CT Page 1303 not bizarre results. LeConche v. Elligers, 215 Conn. 701,713 (1990). It would indeed be both bizarre and unjust if Mr. Ocif were to be kept off the Republican line when there exists such substantial evidence that he is the party endorsed candidate for the office of High Sheriff. To deny Mr. Ocif his party's nomination would be particularly inappropriate in light of the fact that "Our Supreme Court has stated a number of times that a voter should not be disenfranchised because of the error or mistake of another, which mistake does not contravene the legislative policy against voting frauds." Gargano v. Downey, 30 Conn. Sup. 254,257 (1973) quoting Dombrowski v. Messier, 164 Conn. 204, 206
(1972). Since there exists substantial uncontradicted evidence that the plaintiff is the party endorsed candidate for the office of High Sheriff and the nomination was lawfully obtained, Mr. Ocif is entitled to appear on the November ballot as the Republican candidate for High Sheriff of Litchfield County.
There is no evidence of fraud, and none was claimed in argument by defendant. This is not, furthermore, an action between candidates, one claiming endorsement and one claiming an interest in a primary for endorsement. The record in this case is exceedingly clear that the endorsed candidate would have qualified but for human error.
The court is similarly concerned that the mandate of the statute for timely filing be strictly adhered to, and clearly limits the outcome of this litigation to the facts of this case. The office of the Secretary of the State must rely on original certificates if it is to carry out its mission to protect the right to vote, clearly, that office encouraged the correct filing, and affirmatively requested compliance. In so doing, the off ice acted to protect the franchise not to diminish it. The defendant's argument in this court is noted with importance, and should be read to put on notice, any candidate, chairman or secretary of a nominating convention, that compliance with the statute is expected and will be enforced. Human error occurs, but in matters of such importance, should be more carefully guarded against.
The defendant is correct, however, that an order of mandamus is not the appropriate remedy. Mandamus is "an extraordinary remedy, designed to enforce a plain, positive duty and available only to one who has a clear legal right to performance of that duty Simons v. Canty, 195 Conn. 524,533 (1985). Since the statute required judicial interpretation and it was necessary to present evidence to demonstrate that Mr. Ocif had actually gained the Republican endorsement. CT Page 1304 this case does not present the type of circumstances in which mandamus would be an appropriate remedy. See Id. at 533. Nevertheless, even the defendant concedes that the court may review this case on grounds other than mandamus. See Defendant's Br. at 5. The instant case is one in which injunctive relief is proper. Injunctive relief may only be granted where there is irreparable harm and no adequate remedy at law. Waterbury Teachers Assn. v. Civil Service Commission, 178 Conn. 573, 577 (1979). In this case Mr. Ocif would suffer irreparable harm if he were prevented from appearing as the Republican nominee for High Sheriff on the November ballot. Similarly, the plaintiff has no adequate remedy at law. While it was argued that the plaintiff's name could be placed on the ballot by petition, the record demonstrates that his position on the ballot would be as a candidate, not the Republican candidate. He has no other remedy save injunctive relief, to secure the endorsement on the ballot.
For the reasons stated, the plaintiff is found to be the endorsed nominee and an injunction shall issue directing the Secretary of the State to certify Mr. Andrew C. Ocif as the Republican party's endorsed candidate for the office of High Sheriff of Litchfield County for the November 1990 election.
DRANGINIS, J.